# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LAVERN ASHE,<br>               Appellant, | DOCKET NUMBER<br>DC-0752-21-0616-I-3 |
|       v. | |
| DEPARTMENT OF THE AIR FORCE,<br>          Agency. | DATE: April 5, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Justin Schnitzer, Esquire, Pikesville, Maryland, for the appellant.

Courtney Jean Marshall, Esquire, Joint Base Andrews, Maryland, for the agency.

Jeremiah Crowley, Esquire, Maxwell Air Force Base, Alabama, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal. On petition for review, she disagrees with some of the administrative judge's credibility findings and his determination that she did not

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

prove her affirmative defense of race discrimination. She also raises new arguments disputing the propriety of the penalty of removal for her misconduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as SUPPLEMENTED by this Final Order to address the appellant's newly raised arguments, we AFFIRM the initial decision.

The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant raises the following arguments for the first time on review. She has not explained why these arguments could not have been raised before the administrative judge, and thus, we need not consider them. In any event, as discussed below, these arguments do not provide a basis to disturb the initial decision.

Regarding the agency's selection of the penalty of removal, which the administrative judge affirmed, the appellant suggests for the first time on review that the agency could have placed her in a different position. Petition for Review

File (PFR), Tab 3 at 7. When, as here, all of the agency's charges have been sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Thomas v. Department of the Army*, 2022 MSPB 35, ¶ 19. In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Id.* The Board will modify or mitigate an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Id.*

Here, the administrative judge concluded that the deciding official properly considered the relevant *Douglas* factors based on her written analysis and testimony.[2] *Ashe v. Department of the Air Force*, MSPB Docket No. DC-0752-21-0616-I-3, Refiled Appeal File (I-3 RAF), Tab 7, Initial Decision (ID) at 22-23. In particular, the deciding official considered the availability of alternative penalties but decided they would not be effective in deterring the conduct. *Ashe v. Department of the Air Force*, MSPB Docket No. DC-0752-21-0616-I-2, Refiled Appeal File (I-2 RAF), Tab 14 at 76. Because we discern no basis to disturb the administrative judge's determination that the agency proved its charges and the penalty of removal did not exceed the bounds of reasonableness, we agree with his decision to defer to the deciding official's determination. *See Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 6 (2013).

We also are not persuaded by the appellant's newly raised argument, unsupported by evidence, that she received a "fully successful" performance rating on June 1, 2020. PFR File, Tab 3 at 5. The appellant's work record is only one factor to be considered in assessing the reasonableness of a penalty. *See*

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board provided a nonexhaustive list of factors relevant to penalty determinations.

*Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981) (stating that the employee's past work record, including performance on the job, is one factor in a nonexhaustive list for penalty consideration). In response to the proposed removal, the appellant raised that her May 2020 performance review was "fully successful." I-2 RAF, Tab 14 at 78. The deciding official responded to the appellant's email and requested a copy of the performance review, but the appellant did not reply. *Id.* The performance review does not appear anywhere in the record. Thus, the appellant's argument provides no basis for disturbing the penalty determination.

The appellant also newly asserts that she was "the only one" that her first-level supervisor disciplined and that the agency did not discipline a coworker who publicly argued with her first-level supervisor. PFR File, Tab 3 at 6-7. The administrative judge found that the appellant's coworker was not a valid comparator in the context of the appellant's race discrimination claim. ID at 16-17 n.16. We decline to disturb that finding on review.

Moreover, the consistency of the penalty with those imposed upon other employees for the same or similar offenses is simply one of a number of factors that are relevant for consideration in determining the appropriateness of a penalty. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 18. When analyzing a disparate penalty claim, broad similarity in the misconduct of the appellant and another individual alone is insufficient to establish that they are appropriate comparators; the relevant inquiry is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. *Id.*, ¶¶ 11-14.

To the extent that the appellant attempts to argue on review that her coworker's behavior was similar to her own, we are not persuaded. The record demonstrates that, on one occasion, the coworker raised her voice and "yelled" in the office due to "her inability to understand the work that she was tasked to do." I-3 RAF, Hearing Transcript at 51-52, 67-67 (testimony of the appellant's

first-level supervisor), 93-95, 112-14 (testimony of the appellant's second-level supervisor). Conversely, the appellant sent several disparaging emails, which disrupted office operations and detrimentally impacted her first-level supervisor's confidence as a manager and her mental and emotional wellbeing. *Id.* at 27-28 (testimony of the appellant's first-level supervisor). Those emails were consistent with the appellant's three previous disciplinary actions for discourteous conduct and "making malicious and unfounded statements against a management official." I-2 RAF, Tab 14 at 110-15. The appellant has not presented any evidence that her coworker had a similar disciplinary history. Thus, we cannot find on this record that the agency treated similarly situated employees differently. Consequently, we find no reason to disturb the administrative judge's finding that the penalty of removal was reasonable. ID at 22-23.

The appellant also argues for the first time on review that her first-level supervisor discussed the appellant's medical issues with a coworker. PFR File, Tab 3 at 5. The appellant provides no explanation for how these alleged discussions related to her removal for discourteous conduct and failure to follow supervisory instructions. Thus, the argument provides no basis to grant the appellant's petition for review. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

Accordingly, we affirm the initial decision as supplemented above.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.